PIERCE, Justice,
specially concurring:
¶ 20. While I concur with the majority’s holding and analysis, I cannot join the majority opinion where it adopts the analysis found in In re: Dissolution of Marriage of Leverock and Hamby, 23 So.3d 424 (Miss.2009). Specifically, the majority discusses this Court’s finding that the father in Leverock “deserted his son by ‘completely avoiding] both his moral and legal duties and obligations as a father for more than two years.’ ” (Maj. Op. ¶ 14) (quoting Leverock, 23 So.3d at 431).
¶ 21. As I stated in Leverock, as an appellate court, this Court is responsible “to review the decision of the chancellor, not to make an original determination.” Id. at 434-435 (Pierce, J., concurring in part and dissenting in part). The chancellor in Leverock did not make adequate findings on the record to support this Court’s sua sponte determination that the father had deserted his child. Because I am of the opinion Leverock was wrongly decided, I cannot join the majority opinion in which it adopts this Court’s analysis in that case. Otherwise, I fully concur.
WALLER, C.J., AND CARLSON, P.J., JOIN THIS OPINION.